| | | |
|---|---|---|
| BRIAN WATTS,<br><br>*Plaintiff*,<br><br>v.<br><br>ESPERANZA ACADEMY CHARTER SCHOOL,<br><br>*Defendant*. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>CIVIL ACTION<br><br>CASE NO. 241200769 |

**ORDER**

AND NOW, this __________ day of __________, 2026, upon consideration of Defendant Esperanza Academy Charter School's Motion for Continuance, and any response thereto, **IT IS HEREBY ORDERED** that the Motion is **GRANTED, as follows:**

1. Defendant's Second Motion for Summary Judgment and the parties' pending motions in limine shall be decided prior to the commencement of trial.

2. The above-captioned matter, currently specially listed for trial on July 6, 2026, is hereby CONTINUED from the July 2026 trial pool. A new trial-ready date shall be set not less than thirty (30) nor more than sixty (60) days after July 6, 2026, or until after all pending motions in this matter have been decided, whichever is later.

BY THE COURT:

______________________________ J.

**MARGOLIS EDELSTEIN**
John M. Nolan III, Esquire
jnolan@margolisedelstein.com
Samuel A. Robinson, Esquire
srobinson@margolisedelstein.com
The Curtis Center
170 S. Independence Mall W., Suite 400E
Philadelphia, PA 19106
T: (215) 922-1100

*Attorneys for Defendant*
*Esperanza Academy Charter School*

| | |
|---|---|
| BRIAN WATTS,<br><br>*Plaintiff,*<br><br>v.<br><br>ESPERANZA ACADEMY CHARTER SCHOOL,<br><br>*Defendant.* | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>CIVIL ACTION<br><br>CASE NO. 241200769 |

**DEFENDANT'S MOTION TO DECIDE PENDING DISPOSITIVE AND IN LIMINE MOTIONS PRIOR TO TRIAL, OR, IN THE ALTERNATIVE, TO CONTINUE TRIAL**

Defendant Esperanza Academy Charter School ("Defendant" or "Esperanza"), by and through its counsel, Margolis Edelstein, respectfully moves this Honorable Court, pursuant to Pa.R.C.P. 216 and the Court's inherent authority to manage its trial docket, to decide the dispositive and evidentiary motions now pending before the Court prior to the commencement of trial or, in the alternative, to continue the trial of this matter until those motions are resolved. In support, Defendant avers as follows:

1. This is an action under the Pennsylvania Whistleblower Law ("PWL"), 43 P.S. §§ 1421–1428. Plaintiff Brian Watts, a former Food Service Coordinator, alleges that Defendant declined to renew his employment contract in retaliation for a report of alleged wrongdoing or waste.

2. Plaintiff's Complaint asserted two counts: a claim under the PWL (Count I) and a common-law wrongful discharge claim (Count II).

3. Fact discovery closed on March 2, 2026.

4. On February 2, 2026, Defendant filed a Motion for Summary Judgment advancing four independent grounds for relief.

5. By Order dated April 13, 2026, the Honorable Lucretia C. Clemons granted the motion in part and denied it in part, dismissing Count II (common-law wrongful discharge) with prejudice and denying summary judgment as to Count I (PWL). The Order was not accompanied by an opinion articulating the basis for the partial denial.

6. On June 18, 2026, Defendant filed its Second Motion for Summary Judgment, directed to the surviving PWL claim on the completed trial record. That motion remains pending and undecided.

7. In addition, six motions in limine filed by the parties remain pending and undecided:

a. 49-26041649 Defendant's Motion In Limine To Preclude Plaintiff From Referencing Or Presenting Any Specific Statute Or Regulation Not Previously Pled Or Identified By

b. 33-26041733 Defendant's Motion In Limine Of Defendant To Preclude Lay Witness Testimony Regarding Alleged Regulatory Violations

c. 98-26063098 Plaintiff's Motion In Limine Seeking To Exclude Evidence Of Or Reference To The Letter From Wayne Eckelmann To David Rossi Re National School Lunch Program

d. 06-26063106 Plaintiff's Motion In Limine Seeking To Exclude Evidence Of Or Reference To All Unidentified Documents And Emails Not Specifically Listed In Defendant's Pre Mem

e. 07-26063107 Plaintiff's Motion In Limine Seeking To Exclude Evidence Of Or Reference To Plaintiff's May 22, 2018 Performance Improvement Plan

f. 15-26063115 Plaintiff's Motion In Limine Seeking To Exclude Evidence Of Plaintiff's Receipt Of Unemployment Compensation Earnings Following His Separation From Defendant

8. Among them, Defendant's motions to preclude (i) reference to specific statutes or regulations not pled or identified by Plaintiff, and (ii) lay-witness testimony characterizing Defendant's conduct as a regulatory "violation" or as "illegal," go directly to the evidence the jury may hear on the central element of the PWL claim — whether an actual violation of law occurred within the meaning of 43 P.S. § 1422.

9. By Notice of Trial Attachment, this matter has been specially listed for trial on Monday, July 6, 2026, with jury selection to take place on Thursday, July 2, 2026. (Cohen, J., Judicial Team Leader.)

10. Under Paragraph 9 of the Court's Pretrial Order, the parties' proposed voir dire, points for charge, special interrogatories, and deposition designations are due on or about June 29, 2026 — before any of the pending motions will have been decided.

11. **One of the undersigned counsel for Defendant has a pre-arranged flight and travel plans for the July 4th holiday. This absence was practical given that trial was not expected to start until on or after July 6, 2026. However, the Trial Order of June 25, 2026, now has jury selection starting on July 2, 2026—making the timing for trial no long practical.**

12. The pendency of a potentially dispositive Second Motion for Summary Judgment, together with six undecided motions in limine that define the scope of admissible evidence on the dispositive Section 1422 element, makes it impracticable for the parties to prepare focused trial submissions, and makes it impossible to try this matter without substantial risk of prejudice, juror exposure to evidence later ruled inadmissible, and needless inefficiency.

13. This Motion is presented at least one week before the first day of the trial period and promptly as the trial date has approached with the motions undecided. See Pa.R.C.P. 216(c).

14. Counsel for Defendant has provided notice of this Motion to counsel for Plaintiff pursuant to Pa.R.C.P. 216(c).

WHEREFORE, Defendant respectfully requests that this Honorable Court enter the attached Order (1) directing that Defendant's Second Motion for Summary Judgment and the parties' pending motions in limine be decided prior to the commencement of trial; or, in the alternative, (2) continuing the trial of this matter until those motions are resolved.

Respectfully submitted,

**MARGOLIS EDELSTEIN**

John M. Nolan III

John M. Nolan, Esq. (PA 317001)
Samuel A. Robinson, Esq. (PA 336096)
jnolan@margolisedelstein.com
srobinson@margolisedelstein.com
The Curtis Center, Suite 400E
170 S. Independence Mall West
Philadelphia, PA 19106
T: (215) 931-5828
*Attorneys for Defendant*

Dated: June 25, 2026

**CERTIFICATE OF SERVICE**

I, John M. Nolan, hereby certify that on the date set forth below, I caused the foregoing to be electronically filed pursuant to the Court's CM/ECF system, and the document is available for downloading and viewing from the CM/ECF system. Notice of this filing will be sent to all counsel of record and/or parties by operation of the CM/ECF system.

**MARGOLIS EDELSTEIN**

*/s/ John M. Nolan*
John M. Nolan, Esq. (PA 317001)
jnolan@margolisedelstein.com
The Curtis Center, Suite 400E
170 S. Independence Mall West
Philadelphia, PA 19106
T: (215) 931-5828
*Attorneys for Defendant*

Dated: June 25, 2026

**MARGOLIS EDELSTEIN**
John M. Nolan III, Esquire
jnolan@margolisedelstein.com
Samuel A. Robinson, Esquire
srobinson@margolisedelstein.com
The Curtis Center
170 S. Independence Mall W., Suite 400E
Philadelphia, PA 19106
T: (215) 922-1100

*Attorneys for Defendant*
*Esperanza Academy Charter School*

| | | |
|---|---|---|
| BRIAN WATTS, | : | |
| | : | COURT OF COMMON PLEAS |
| *Plaintiff,* | : | PHILADELPHIA COUNTY |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| ESPERANZA ACADEMY CHARTER SCHOOL, | : | CASE NO. 241200769 |
| | : | |
| *Defendant.* | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTON TO DECIDE PENDING DISPOSITIVE AND IN LIMINE MOTIONS PRIOR TO TRIAL OR, IN THE ALTERNATIVE, TO CONTINUE TRIAL**

## I. The Court Has Discretion Under Pa.R.C.P. 216(a)(4) to Grant the Requested Relief, and the Application is Timely Under Rule 216(c)

Pennsylvania Rule of Civil Procedure 216(a)(4) authorizes a continuance for "such special ground as may be allowed in the discretion of the court." Pa.R.C.P. 216(a)(4). The pendency of a potentially dispositive motion and of outcome-determinative evidentiary motions is precisely the kind of special ground that warrants the Court's exercise of discretion. The relief Defendant seeks is, in the first instance, narrower than a continuance: Defendant asks only that the Court decide the motions already before it before a jury is empaneled. A continuance is sought solely in the alternative, to the extent those motions cannot be resolved before the trial date.

The application is timely. Rule 216(c) provides that an application based on a cause known at the call of the trial list must be presented "at least one week before the first day of the trial

period." Pa.R.C.P. 216(c). This Motion is presented more than one week before the July 6, 2026, trial date and promptly as that date approached with the dispositive and in limine motions still undecided.

## II. The Pending Second Motion for Summary Judgment Is Potentially Dispositive and Should Be Decided Before a Jury Is Empaneled

Summary judgment exists to spare the parties and the court the burden of a trial that the record renders unnecessary. *See* Pa.R.C.P. 1035.2. Defendant's Second Motion for Summary Judgment is directed to the sole surviving count and, if granted, would dispose of this action in its entirety. Convening a jury and conducting a three-day trial before deciding a ripe, potentially case-dispositive motion would defeat the very economy the summary-judgment procedure is designed to achieve. The orderly course, and the one that best conserves judicial and party resources, is to decide the motion first.

## III. The Pending Motions in Limine Define the Competent Evidentiary Record on the Section 1422 Actual-Violation Element, and Trying the Case Before They Are Resolved Risks Prejudice and Reversible Error

The dispositive question under the PWL is whether an *actual violation* of law occurred; a sincere but mistaken belief of wrongdoing does not suffice. *See Sukenik v. Twp. of Elizabeth*, 131 A.3d 550, 556 (Pa. Cmwlth. 2016) ("The test is objective . . . an actual violation is required."); *see Greco v. Myers Coach Lines, Inc.*, 199 A.3d 426, 434 (Pa. Super. 2018) (report must be of an actual, not a potential, violation). The parties' pending motions in limine - in particular Defendant's motions concerning unpled statutes and regulations and lay-opinion testimony of "violation" or "illegality" - determine whether the jury may hear improper legal conclusions on that very element.

A motion in limine serves "to preclude evidence from ever reaching a jury that may prove to be so prejudicial that no instruction could cure the harm." *Yacoub v. Lehigh Valley Med. Assocs.*,

*P.C.*, 805 A.2d 579, 588 (Pa. Super. 2002). Deferring these rulings until after a jury is empaneled would defeat that purpose: the jury could be exposed to legal-conclusion testimony on the controlling element before the Court rules on its admissibility, creating a substantial risk of unfair prejudice, jury confusion, mistrial, and reversible error. Resolving the motions first protects the integrity of the trial and the record alike.

## IV. Conclusion

For the foregoing reasons, Defendant respectfully requests that the Court direct that the pending Second Motion for Summary Judgment and the parties' motions in limine be decided before trial or, in the alternative, continue the trial of this matter until those motions are resolved.

Respectfully submitted,

**MARGOLIS EDELSTEIN**



John M. Nolan, Esq. (PA 317001)
Samuel A. Robinson, Esq. (PA 336096)
jnolan@margolisedelstein.com
srobinson@margolisedelstein.com
The Curtis Center, Suite 400E
170 S. Independence Mall West
Philadelphia, PA 19106
T: (215) 931-5828
*Attorneys for Defendant*

Dated: June 25, 2026

**CERTIFICATE OF SERVICE**

I, John M. Nolan, hereby certify that on the date set forth below, I caused the foregoing to be electronically filed pursuant to the Court's CM/ECF system, and the document is available for downloading and viewing from the CM/ECF system. Notice of this filing will be sent to all counsel of record and/or parties by operation of the CM/ECF system.

**MARGOLIS EDELSTEIN**

*/s/ John M. Nolan*
John M. Nolan, Esq. (PA 317001)
jnolan@margolisedelstein.com
The Curtis Center, Suite 400E
170 S. Independence Mall West
Philadelphia, PA 19106
T: (215) 931-5828
*Attorneys for Defendant*

Dated: June 25, 2026